## SOKOL v. LIVINGSTONE TRADING CO.

(Supreme Court, Appellate Term. June 29, 1911.)

SALES (§ 52*)—ACTION FOR PROCESS—SUFFICIENCY OF EVIDENCE.

Evidence in an action for the price of goods alleged to have been sold to defendant's agent *held* insufficient to sustain a verdict for the plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. § 52.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel L. Sokol against the Livingstone Trading Company. From a judgment for plaintiff, and from an order vacating an order for a new trial, rendered in the Municipal Court in the City of New York, defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Henry J. Block, for appellant.
Wm. Rabinowich, for respondent.

BIJUR, J.   Plaintiff sued for goods sold by plaintiff's assignors on the order of one Richmond.   Plaintiff's assignors were the two witnesses on his behalf.   They not only failed to prove that Richmond was the agent of defendant, or that the goods were delivered to defendant, but actually showed almost conclusively that credit had been extended by them to Richmond himself, with whom, personally, they had had previous dealings, and that the goods were delivered to Richmond.

The bill for the goods was made out to Richmond, and dated November 9, 1910.   They were charged to Richmond on the books of plaintiff's assignors.   The receipt for the delivery of the goods was signed by one Cantor on November 12, 1910, and they were addressed: "For S. H. Richmond, c/o Livingstone Trading Company."   On November 9th plaintiff's assignors sold other goods to Richmond, billed them to him, and on November 11th he paid them by his personal check.   On November 12th and 18th, similar bills were rendered for other goods.   The attempt to connect Livingstone, president of the defendant, with the transactions is unintelligible, and most of the testimony of plaintiff's assignors in that regard is incoherent.

It is quite evident that the verdict of the jury must have been inspired by sympathy for the helplessness of these witnesses; but, while such helplessness might have been taken into consideration in weighing the insufficiency of explanations of various inconsistencies and contradictions in their testimony, it cannot be availed of to supply the utter lack of affirmative evidence as a basis for the verdict.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.